```
 1
 2
 3
 4
 5
 6            IN THE UNITED STATES DISTRICT COURT
 7               FOR THE DISTRICT OF ARIZONA
 8
    MICHAEL PETGRAVE,                )
 9                                   )
           Petitioner,               )
10                                   )
           v.                        )   CIV 07-01288 PHX JWS (MEA)
11                                   )
    KATRINA KANE, BRUNO STOLC,       )   REPORT AND RECOMMENDATION
12                                   )
           Respondents.              )
13  _____)
```

14 **TO THE HONORABLE JOHN W. SEDWICK:**

15            Mr. Michael Petgrave ("Petitioner") filed a Petition
16 for Writ of Habeas Corpus ("Petition") pursuant to 42 U.S.C. §
17 2241 on July 2, 2007, asserting his continued detention by
18 Respondent pending his removal to Jamaica violated United States
19 law and his constitutional rights.  At that time, Petitioner was
20 confined in Respondents' custody in Eloy, Arizona.  Respondents
21 filed a Suggestion of Mootness September 21, 2007, asserting the
22 petition for relief is now moot because Petitioner has been
23 released from detention and removed to Jamaica.  See Docket No.
24 11.   On October 1, 2007, Respondents filed a notice that
25 Petitioner had been removed to Jamaica.  Docket No. 12.

26            **1.    Procedural History**

27            In 2006 an Immigration Judge ordered Petitioner be
28 removed to Jamaica.  See Petition at 2.  Petitioner appealed
   this decision to the Board of Immigration Appeals, which denied

relief from removal on or about February 26, 2007. <u>Id.</u> Petitioner was taken into custody September 5, 2006. <u>Id.</u> The only relief sought in the habeas petition was Petitioner's release from detention pending his removal from the United States. <u>See</u> <u>id.</u>

In their suggestion of mootness, Respondents aver that Petitioner was released from detention and removed from the United States or about September 7, 2007. <u>See</u> Docket No. 11 & Docket No. 12.

### 2. Analysis

Respondents present evidence to the Court that Petitioner was released from detention and removed from the United States. Because the petition for habeas relief attacks only Petitioner's continued detention, the petition is now moot. The case-or-controversy requirement of Article III, § 2, of the United States Constitution "subsists through all stages of federal judicial proceedings ... The parties must continue to have a personal stake in the outcome of the lawsuit." <u>Lewis v. Continental Bank Corp.</u>, 494 U.S. 472, 477-78, 110 S. Ct. 1249, 1253-54 (1990) (internal quotations omitted). If it appears that the Court is without the power to grant the relief requested by a habeas petitioner, then that case is moot. <u>See</u> <u>Picrin-Peron v. Rison</u>, 930 F.2d 773, 775 (9th Cir. 1991).

Petitioner was released from detention and removed from the United States approximately two months after he filed his federal habeas petition. The relief that Petitioner requested in his habeas petition, i.e., his release from continued and potentially indefinite detention, can no longer be granted by

the Court. Therefore, this habeas action, alleging his continued detention violates federal law and his constitutional rights, is moot. See Abdala v. I.N.S., 488 F.3d 1061, 1065 (9th Cir. 2007); Picrin-Peron, 930 F.2d at 775; Ferry v. Gonzales, 457 F.3d 1117, 1132 (10th Cir. 2006); Soliman v. United States, 296 F.3d 1237, 1243 (11th Cir. 2002).

### 3. Conclusion

The Petition for Writ of Habeas Corpus is moot because the petition challenges only the legitimacy of Petitioner's continued detention and Petitioner has now been released from detention, i.e., removed from the United States. There is no existing case or controversy over which this Court may exercise jurisdiction and, therefore, this case is moot.

**IT IS THEREFORE RECOMMENDED** that Mr. Petgrave's Petition for Writ of Habeas Corpus be **dismissed with prejudice as moot**.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment.

Pursuant to Rule 72(b), Federal Rules of Civil Procedure, the parties shall have ten (10) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. Thereafter, the parties have ten (10) days within which to file a response to the objections. Failure to timely file objections to any

factual or legal determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo appellate consideration of the issues. See <u>United States v. Reyna-Tapia</u>, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will constitute a waiver of a party's right to appellate review of the findings of fact and conclusions of law in an order or judgment entered pursuant to the recommendation of the Magistrate Judge.

DATED this 22nd day of October, 2007.

_____
Mark E. Aspey
United States Magistrate Judge